DOUGLAS J. FARMER, CA Bar No. 139646
douglas.farmer@ogletree.com
BRIAN D. BERRY, CA Bar No. 229893
brian.berry@ogletree.com
SEAN M. KRAMER, CA Bar No. 293850
sean.kramer@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415-442-4810
Facsimile:    415-442-4870

Attorneys for Defendant
GATE GOURMET, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA NOEMI BAUTISTA DIAZ, individually, and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | Case No. 2:20-cv-9454<br><br>**DEFENDANT GATE GOURMET, INC.'S NOTICE OF REMOVAL**<br><br>[Los Angeles County Superior Court Case No.: 20STCV34299]<br><br>*[Filed Concurrently with Rule 7.1 Corporate Disclosure Statement and Certificate of Interested Parties and Persons; Declaration of William McGowan; and Civil Cover Sheet.]* |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Gate Gourmet, Inc. ("Gate Gourmet") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California ("Court"), under the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d)(2), 1446 and 1453.  Gate Gourmet does so on the grounds that the Court has original jurisdiction over plaintiff Alicia Noemi Bautista Diaz's ("Plaintiff") claims under CAFA because: (1) there are at least 100 putative class members in Plaintiff's purported class; (2) the amount in controversy exceeds the jurisdictional minimum of $5,000,000, exclusive of interest and costs; and (3) diversity of citizenship exists between Plaintiff and Gate Gourmet.  The foregoing facts were true when Plaintiff filed the Complaint and remain true now.

Removal jurisdiction is therefore appropriate under CAFA as alleged in detail below.

## I. THE STATE COURT ACTION

1. On September 4, 2020, Plaintiff filed an unverified Class Action Complaint in the Superior Court of California, County of Los Angeles, commencing the action entitled *Alicia Noemi Bautista Diaz, individually, and on behalf of all others similarly situated v. Gate Gourmet, Inc., a Delaware corporation; and Does 1 through 10, inclusive*, Case Number 20STCV34299 ("Complaint").  A true and correct copy of the Complaint is attached as **Exhibit A** to this Notice of Removal ("Notice").  The Complaint alleges seven causes of action:  (1) Failure to Pay Minimum and Regular Rate Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Periods; (4) Failure to Authorize and Permit Rest Breaks; (5) Failure to Timely Pay Final Wages at Termination; (6) Failure to Provide Accurate Itemized Wage Statements; and (7) Unfair Business Practices.

2. Gate Gourmet's registered agent for service of process was served with the Summons and Complaint on September 15, 2020. A true and correct copy of the documents served on Gate Gourmet's registered agent are attached to this Notice as **Exhibit B.**

## II. VENUE

3. The Superior Court of California, County of Los Angeles, is located within the territory of the Central District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. GATE GOURMET HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness

4. A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint in which to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). As Gate Gourmet's registered agent for service of process was served with the Summons and Complaint on September 15, 2020, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

### B. Procedural Requirements

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Gate Gourmet are exhibits to this Notice. Pursuant to 28 U.S.C. § 1446(d), a "Notice to Plaintiff and Clerk of the California Superior Court of Removal of Civil Action to United States District Court" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court for the County of Los Angeles, and served on all other parties to this action.

6. As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-

1, Gate Gourmet is concurrently filing its Certificate of Interested Parties with this Notice of Removal, as well as its Corporate Disclosure Statement.

## IV. PLAINTIFF'S CLASS CLAIMS ARE REMOVABLE PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA")

7. The Court has original jurisdiction over Plaintiff's claims pursuant to CAFA. As such, the claims may be removed to this Court by Gate Gourmet pursuant to 28 U.S.C. §§ 1332(d)(2), 1446 and 1453.

8. Under CAFA, the Federal District Court has jurisdiction if:

   a) There are at least 100 class members in all proposed plaintiff classes; and

   b) The combined claims of all class members exceed $5,000,000 exclusive of interest and costs; and

   c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a)

9. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), the United States Supreme Court provided significant guidance on the standards applicable to notices of removal in CAFA cases, clarifying the liberal standard in favor of removal. In *Dart Cherokee*, the Supreme Court held that a removal must only contain "a short and plain statement of the grounds for removal." *Id.* at 83 (quoting 28 U.S.C. § 1446(a)). The Court noted that this same language is used for the pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* The use of this language in the removal statute was intentional—clearly indicating that courts should apply the same liberal pleading standards to notices of removal as they should to plaintiffs' complaints and other pleadings. *Id.* The Court further held that a removing defendant need not submit evidence with its pleading that establishes that the elements of federal subject matter jurisdiction are met. *Id.* at 83-84. Only if the court or another party challenges jurisdiction should the court require a removing

defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. *Id.* at 88-89. The Court summarized its holding as follows: "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89. Also, there is no "'presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.* (internal citations omitted)

### A.  There Are At Least 100 Class Members In Plaintiff's Proposed Class

10.  Plaintiff worked as a non-exempt hourly employee for Gate Gourmet in Los Angeles, California from April 17, 2019 to February 21, 2020. (Declaration of William McGowan ("McGowan Decl.") ¶ 3; Complaint ¶ 13.) Plaintiff's Complaint is brought "individually and as a class action on behalf of herself and certain current and former employees of" Gate Gourmet, and it alleges that Gate Gourmet violated California wage and hour law and engaged in unfair business practices by failing to pay her and other non-exempt hourly employees in California minimum and regular rate wages, overtime wages, and all wages earned upon separation; by failing to provide her and other non-exempt hourly employees in California meal periods and rest periods; and by failing to provide her and other non-exempt hourly employees in California accurate itemized wage statements. (Complaint ¶¶ 1-2, 4). Based on these allegations, Plaintiff seeks to recover unpaid wages, liquidated damages, premium wages, statutory penalties and actual damages pursuant to Labor Code § 226(e), and waiting time penalties pursuant to Labor Code § 203, in addition to seeking declaratory relief, injunctive relief, and restitution under California Business and Professions Code § 17200 *et seq*. ("UCL"), among other things. (Complaint at pp. 21-24, Prayer for Relief.)

1    11.    Plaintiff purports to bring her action on behalf of the following class: ("Class"): "All persons who worked for any Defendants in California as an hourly-paid, non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Complaint ¶ 22.)

12.    Plaintiff's Complaint alleges that "[t]he membership of the entire Class is unknown to Plaintiff at this time, however, the Class is estimated to be greater than 100 individuals." (Complaint ¶ 25(a).) Therefore, based on Plaintiff's own allegation, CAFA's 100-person requirement is satisfied. *See Kearney v. Direct Buy Assocs.*, No. CV 14-04965 MMM (AJWx), 2014 WL 12588636, at *4 (C.D. Cal. Oct. 23, 2014) (where plaintiff's complaint plead that putative class contained more than one hundred members, CAFA's 100-person numerosity required was satisfied).

13.    Moreover, although Plaintiff's Complaint does not allege any specifics as to the number of persons who meet the proposed Class's definition, Gate Gourmet has undertaken for purposes of removal to approximate the number of non-exempt hourly employees it employed in California from September 4, 2018 to June 5, 2020, which is a 21-month period preceding the filing of the Complaint.[1] During this period, there were at least 3,544 non-exempt hourly employees who worked for Gate Gourmet in California. (McGowan Decl. ¶ 4.) Therefore, the number of putative class members in the last almost two years alone well exceeds 100 individuals and the first requirement for CAFA jurisdiction is plainly satisfied.

---

[1] Gate Gourmet does not agree or concede that the Class proposed by Plaintiff in her Complaint is proper, nor that Plaintiff's claims are amenable to class treatment. Rather, Gate Gourmet provides this data based on the defined proposed Plaintiff Class for the purposes only of determining the potential class size and monetary recovery for the purposes of this removal.

### B. The Combined Claims Of All Class Members (the "Amount In Controversy") Exceeds $5,000,000[2]

14. With respect to CAFA's $5,000,000 threshold for the "amount in controversy," it is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Gate Gourmet would actually owe in the event of an adverse judgment. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "The amount in controversy is determined by the universe of what the plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010); *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and that the court may also consider

---

[2] In alleging the amount in controversy for purposes of CAFA removal, Gate Gourmet does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Gate Gourmet concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

1  summary-judgment-type evidence relevant to the amount in controversy at the time
2  of removal) (citations omitted).
3      15.   Based on the allegations in the Complaint, the alleged amount in
4  controversy for the class claims exceeds, in the aggregate, $5,000,000, as
5  demonstrated below.
6      16.   For instance, Plaintiff's Fourth Cause of Action alleges that
7  "Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless
8  of whether employees worked more than 4 hours in a workday." (Complaint ¶ 54).
9      17.   As noted above in Paragraph 13, *supra*, there are at least 3,544 non-
10 exempt hourly employees who worked for Gate Gourmet in California between
11 September 4, 2018 and June 5, 2020.
12     18.   Under California law, employees who are not provided with sufficient
13 rest periods are entitled to one hour of premium pay for each day that a rest period is
14 missed. *See Marlo v. United Parcel Service, Inc.*, No. CV 03-04336 DDP RZX,
15 2009 WL 1258491, at *7 (C.D. Cal. May 5, 2009). Rest period claims are properly
16 considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot
17 Travel Ctr. LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal.
18 May 1, 2007); *Helm v. Alderwoods Group, Inc.*, No. C 08-01184SI, 2008 WL
19 2002511, at *8 (N.D. Cal. May 7, 2008).
20     19.   Gate Gourmet's calculations for purposes of removal only are based on
21 the following: (1) Plaintiff and the members of the putative Class are paid on a
22 weekly basis (McGowan Decl. ¶ 4.); (2) Plaintiff and the members of the putative
23 Class generally worked on average five shifts per week that exceeded six hours per
24 shift (McGowan Decl. ¶ 4.); and (3) for each weekly pay period, there were at least 2
25 missed rest breaks.
26     20.   Based on the foregoing, for the period of September 4, 2018 to June 5,
27 2020 (approximately 91 pay periods), Plaintiff and the Class collectively allege well
28 over $5,000,000 in rest break premiums alone: *2 missed rest periods during each*

*weekly pay period x $11.00/hour (the 2018 California minimum wage) = $22.00 x 91 pay periods = $2,002 per employee x 3,544 potential Class members from September 4, 2018 to June 5, 2020 =* **$7,095,088.**

21. However, Plaintiff also alleges that the failure to provide rest periods constitutes unfair competition within the meaning of the UCL. (Complaint ¶ 81.) The statute of limitations for claims under the UCL is four years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation). Accordingly, the measure of potential damages for rest break claims is based on a four-year limitations period. Given that between the period of September 4, 2018 to June 5, 2020 Plaintiff alleges over $5,000,000 in controversy in the aggregate, extrapolating that over an additional two-year period, makes plain that the rest break claim alone meets the CAFA jurisdiction minimum.

22. Applying the same assumptions, a similar amount in controversy is at issue for Plaintiff and the Class's meal break claims (Third Cause of Action) from this period as well, as under California law employees who are not provided with sufficient meal periods are also entitled to one hour of premium pay for each day that a meal period is late or missed. *See Marlo*, 2009 WL 1258491, at *7.

23. Besides Plaintiff's rest break and meal break claims, Plaintiff also alleges in her Fifth Cause of Action that Gate Gourmet violated California Labor Code section 203 by failing to pay former employees all wages owed to the employees at the end of their employment. (Complaint ¶¶ 56-62.) Under Labor Code section 203, an employer is liable for waiting time penalties in the amount of a day's pay for up to 30 days. The statute of limitations for claims brought under California Labor Code section 203 is three years. *Pineda v. Bank of Am., N.A.*, 50

Cal. 4th 1389, 1395, (2010)

24. Accepting Plaintiff's allegations in the Complaint as true, based on Gate Gourmet's calculations, the collective amount in controversy for waiting time penalties for non-exempt hourly employees in California separated between September 4, 2017 to June 5, 2020 (at least 4,126 former employees [McGowan Decl. ¶ 5]) would easily exceed $5,000,000 alone as well: *$10.50/hour (the 2017 California minimum wage) x 8 hours/day (estimated 8-hour workday$^3$) x 30 days (waiting time penalty) x 4,126 former employees* = **$10,397,520.**

25. Moreover, it is also well settled that a court should consider attorneys' fees when considering whether a complaint meets the amount in controversy requirement. *See Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (holding that attorneys' fees must be included in determining the amount in controversy in CAFA removal actions); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation . . ." for CAFA purposes). A reasonable estimation of Plaintiff's attorney fees at 25 percent of the amount in controversy under Plaintiff's Third, Fourth, and Fifth Causes of Action pushes the total amount in controversy even higher.

26. Accordingly, removal of the claims in this action is proper under 28 U.S.C. §1332(d).

C. **There is Diversity Between Plaintiff and Gate Gourmet**

27. To find diversity under CAFA, this Court need only find that there is diversity between one putative class member and Gate Gourmet. 28 U.S.C.

---

[3] Plaintiff alleges that she "typically" worked "in excess of 8 hours in a single workday" and that her "experience working for Defendants was typical and illustrative." (Complaint ¶¶ 13, 14; *see also* Complaint ¶ 42.)

§§ 1332(d)(2), 1332(d)(5)(B), 1453(a).  At all times relevant, Gate Gourmet is, and has been, a Delaware corporation with its corporate headquarters and principal place of business in Reston, Virginia.  (McGowan Decl. ¶ 2; Complaint ¶ 9(a) (alleging that Gate Gourmet is a "Delaware corporation."))  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  A corporation's headquarters is presumptively the location of its "principal place of business . . ."  *Hertz v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("[I]n practice [a company's principal place of business] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination, *i.e.*, the 'nerve center'". . .).  Thus, Gate Gourmet is, and at all times relevant to this action was, a citizen of Delaware and Virginia.  (*See* McGowan Decl. ¶ 2.)  Gate Gourmet is not a citizen of California.  (*Id.*)

28. For the purposes of federal diversity jurisdiction, Gate Gourmet is a citizen of Virginia and Delaware, and Plaintiff is, and for all relevant times was, a citizen of California.  (McGowan Decl. ¶ 2; Complaint ¶ 7 ("Plaintiff is a California resident who worked for Defendants in Los Angeles County, California")).  Therefore, the minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because Gate Gourmet is a citizen of Virginia and Delaware, while Plaintiff is a citizen of California.  (*Id.*)

29. The exceptions to CAFA jurisdiction under 28 U.S.C. § 1332(d)(3) and (d)(4) are inapplicable because Gate Gourmet is not a citizen of California.  As such, the third requirement for CAFA jurisdiction is satisfied.

## V. **CONCLUSION**

30. Because this civil action is between citizens of different states, the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and the putative class contains at least 100 members, Gate Gourmet respectfully requests that

1  this Court exercise its removal jurisdiction over the claims in this action.

2      31.    If this Court has a question regarding the propriety of this Notice of Removal, Gate Gourmet respectfully requests that the Court issue an Order to Show Cause, so Gate Gourmet may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED:  October 15, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Sean M. Kramer*
BRIAN D. BERRY
SEAN M. KRAMER

Attorneys for Defendant
GATE GOURMET, INC.

44526837.2